IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKY WILLAIMS, JR. (TDCJ No. 1501631), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:15-cv-3107-B-BN |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Ricky Williams, Jr., a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, this habeas application is successive, and the Court should deny it without prejudice to Petitioner's right to seek leave from the United States Court of Appeals for the Fifth Circuit to file such an application.

**Background**

Petitioner's Section 2254 application, filed on or about September 20, 2015, on the form used for habeas applications filed in Texas state courts, concerns his 2008 conviction and sentence for indecency with a child younger than seventeen years of age. *See State v. Williams*, No. F07-55622-HY (Crim. Dist. Ct. No. 7, Dallas Cnty., Tex. Mar. 11, 2008); *see also* Dkt. No. 3 at 1. Petitioner appealed this conviction and 37-year sentence, and the trial court's judgment was affirmed on July 10, 2009. *See Williams*

*v. State*, Nos. 05-08-00376-CR, 05-08-00377-CR, 2009 WL 1981843 (Tex. App. – Dallas July 10, 2009); *see also* Dkt. No. 3 at 3. His petition for discretionary review was refused on September 23, 2009. *See Williams v. State*, PD-1158-09 & PD-1159-09 (Tex. Crim. App. Sept. 23, 2009).

Petitioner's state habeas applications – concerning this conviction as well as another 2008 conviction for indecency with a child younger than seventeen years of age, *see State v. Williams*, No. F07-55623-HY – were denied without written order on the findings of the trial court made without a hearing. *See Ex parte Williams*, WR-75,369-01, -02 (Tex. Crim. App. Feb. 16, 2011).

This is not Petitioner's first time to bring this state conviction to federal court. In September 2011, this Court dismissed Petitioner's Section 2254 application with prejudice because it was barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")'s statute of limitations. *See Williams v. Thaler*, No. 3:11-cv-897-K (BK), 2011 WL 4485790 (N.D. Tex. Sept. 7, 2011), *rec. adopted*, 2011 WL 4485958 (N.D. Tex. Sept. 27, 2011).

**Legal Standards**

AEDPA also limits the circumstances under which a state prisoner may file a "second or successive" application for federal habeas relief, *see generally* 28 U.S.C. § 2244, and "was enacted in part to bring finality to state court judgments," *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (citing *Williams v. Taylor*, 529 U.S. 420, 436 (2000)). As the Fifth Circuit has explained,

Section 2244 lays out the requirements for filing successive petitions,

serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second. In *In re Cain*,[137 F.3d 234, 235 (5th Cir. 1998),] we defined a "second or successive" petition as one that "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Section 2244 specifies when a later-in-time petition will be heard. Despite its strictures, the case law clarifies that there is a category of petitions that, even though later in time, are outside the confines of § 2244 and will be heard because they are not "second or successive" within the meaning of AEDPA.

*Id.* (footnotes omitted).

A claim presented in a second or successive application under Section 2254 must be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before a petitioner files an application in federal district court. *See id.* § 2244(b)(3).

## Analysis

Petitioner's failure to obtain leave from the Fifth Circuit under Section

2244(b)(3) before filing his application here "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit grants] petitioner permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). Thus,

> it is appropriate for the Court to dismiss the successive [habeas application] without prejudice pending review by a three-judge panel of the Fifth Circuit[, but] it is also appropriate to transfer [it] to the Fifth Circuit for a determination of whether [Petitioner] should be allowed to file the successive [application] in the district court.

*United States v. King*, No. 3:97-cr-0083-D-01, 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003).

Petitioner's single claim here is that he is actually innocent because "he did not know that the victims in the instant case were present." Dkt. No. 3 at 6-7. But this argument is substantially the same as Petitioner's sufficiency of the evidence argument raised – and rejected – on direct appeal. *See Williams*, 2009 WL 1981843, at *1 ("In his sole issue on appeal, Williams argues the evidence is factually insufficient to prove he knew a child was present.").

A stand-alone claim of actual innocence is itself not an independent ground for federal habeas corpus relief and should be denied. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993)); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014) (collecting cases); *see also Schlup v. Delo*,

513 U.S. 298, 314 (1995) (distinguishing "procedural" claims of innocence, which are based on a separate, underlying claim that a defendant was denied "the panoply of protections afforded to criminal defendants by the Constitution," such as "the withholding of evidence by the prosecution").

Moreover, "as the *Schlup* decision explains, the gateway[ – or procedural – ]actual-innocence standard is by no means equivalent to the standard [that] governs claims of insufficient evidence." *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*, 513 U.S. at 330) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)) (internal quotation marks omitted); *see also United States v. Gieswein*, 495 F. App'x 944, 947 n.2 (10th Cir. 2012) (collecting cases). Accordingly, even if a stand-alone actual innocence claim was somehow cognizable here, Petitioner has not come forward with evidence of his innocence to undermine confidence that his trial was free of nonharmless constitutional error. *See, e.g.*, *Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("[T]he term 'actual innocence' means *factual,* as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted and emphasis in original )).

Therefore, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *King*, 2003 WL 21663712, at *1.

## Recommendation

Petitioner's application for writ of habeas corpus should be denied without prejudice to his right to file a motion for leave to file a successive 28 U.S.C. § 2254 application in the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 28, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE